**Worley Hall FISHER and Marjorie Fisher, his wife, Appellants,**

v.

**SCOTT & FETZER CO., Roger Glen Harris and Ronnie Dalton, Respondents.**

**No. WD 34540.**

Missouri Court of Appeals, Western District.

Jan. 31, 1984.

Terrence F. Pyle of Crews, Gaw & Pyle, Tipton, for appellants.

R.L. Veit, Jefferson City, for respondent Roger Glen Harris.

Hamp Ford and Michael R. Baker, Columbia, for respondent Scott & Fetzer Co.

Before PRITCHARD, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a summary judgment. The judgment is reversed and the cause is remanded.

Appellants present two points, but due to the disposition of this appeal, only one point is taken up and ruled. Appellants contend that the trial court erred in granting summary judgment in favor of respondent Scott and Fetzer Co. because there existed a genuine issue of fact relative to respondent's alleged liability relative to the defective manufacture of a trailer hitch.

The record reveals the following pertinent facts:

At about 10:00 p.m. on July 25, 1979, appellant Worley Hall Fisher was driving his automobile eastward on U.S. 50 Highway near the Morgan/Moniteau County line. A pickup truck pulling a flatbed trailer and being driven by Roger Glenn Harris was traveling westward on U.S. 50 Highway. The trailer broke loose and struck Fisher's automobile. It was alleged that the trailer hitch was manufactured by respondent Scott and Fetzer Co. (hereinafter S & F). The hitch consisted of three parts, the ball itself, the bolt, and a lock washer.

Neither the bolt nor washer were ever found.

During discovery, appellant secured the deposition of Robert Wolf, a professor of engineering at the University of Missouri at Rolla. The Wolf deposition revealed that the ball portion of the hitch (only part recovered) was of a generally accepted design and that it was not defective. Wolf further testified that the trailer disengaged from the truck because the bolt came out of the ball portion of the hitch. Wolf listed five possible reasons for this failure. These were: (1) that the bolt was not tightened into the ball, (2) that the lock washer failed, (3) that the lock washer was not present at all, (4) that the trailer hitch was mounted on too thin a bumper plate, and/or (5) that the bolt used was too long. Wolf further testified that he could not say with certainty that one of the five reasons was more probable than any of the others.

On this appeal, appellants spend an inordinate amount of time charging the trial court with error in not having taken into consideration the deposition of Harris. The record clearly shows that the trial court never saw this particular deposition, because of appellants' failure to have the deposition timely filed relative to the disposition of the motion for summary judgment. The record shows that a hearing was held on the motion for summary judgment by S & F on October 15, 1982. Although the Harris deposition was secured some two months earlier, appellants did not cause the Harris deposition to be filed until October 29, 1982. While the record shows that the trial court entered its formal order on the motion for summary judgment as of November 9, 1982, it is evident also from the record that the trial court ruled the motion on October 15, 1982. The trial court cannot be and will not be condemned for the dilatory action of appellants. If appellants wanted the benefit of the Harris deposition for the purpose of the hearing, etc., on the motion for summary judgment, appellants should have made the deposition available to the trial court in a timely fashion. "When a motion for summary judgment is filed, the party against whom it is directed may not stand idly by doing nothing." *Tobler's Flowers, Inc. v. Southwestern Bell Telephone Co.,* 632 S.W.2d 15, 19 (Mo.App. 1982). As regards the Harris deposition, appellants did nothing but "stand idly by."

The Harris deposition and appellants' attack on the trial court in this regard have nothing to do with the disposition of this appeal. Appellants' focus on the Harris deposition was in support of appellants' contention that the Harris deposition eliminated three of the five possibilities enunciated by Prof. Wolf above.

■ This being an appeal from a summary judgment, the rules applicable thereto must be considered. A summary judgment is authorized "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 74.04(c) "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Rule 74.04(h). On appeal, review is made of the entire record in a light most favorable to the party against whom summary judgment is entered. *E.O. Dorsch Electric Co. v. Plaza Construction Co.,* 413 S.W.2d 167, 169 (Mo. 1967); *Cooper v. Finke,* 376 S.W.2d 225 (Mo.1964); *Anderson v. Steurer,* 391 S.W.2d 839 (Mo.1965).

■ With the foregoing principles as background, the particulars of the instant case are considered. In summary, S & F argued, in support of its motion for summary judgment, that as a matter of law, there is no substantial evidence to establish any "defect" in the product (i.e., hitch assembly) of S & F. In support of this conclusion, S & F points out the following facts presented at the hearing on the motion for summary judgment: (a) that the bolt and washer were both missing, (b) that Prof. Wolf testified that the hitch ball was of customary and proper design and manufacture, and (c) that Prof. Wolf could not state with cer-

tainty which of the possibilities was the cause of the trailer coming loose.

It must be concluded that the above factual reference fails to show there existed no genuine issue of fact, however. While appellants do not have the bolt and washer, neither does respondent S & F for purposes of proving on the motion for summary judgment that there was not any defect regarding either or both. The only evidence available to either S & F or appellants is circumstantial. As noted above, Prof. Wolf listed five possibilities relative to the trailer's cause in coming loose from the Harris truck. Two of these five were the lock washer failure and the bolt being too long. If either or both of these factors were proven, then S & F stands liable under appellants' theory of defective manufacturing of the hitch assembly.

The conclusion by S & F that since Prof. Wolf did not state which of these two possibilities (i.e., lock washer failure or a bolt too long) was the most probable cause, then there is insufficient evidence to prove that the alleged defect is incorrect. Either or both such alleged "defects" may be proven by circumstantial evidence when all other possible causes for the accident, other than the defect cause, have been eliminated. *Weatherford v. H.K. Porter, Inc.,* 560 S.W.2d 31 (Mo.App.1977); *Winters v. Sears, Roebuck & Co.,* 554 S.W.2d 565 (Mo.App. 1977).

At the hearing on the motion for summary judgment, appellants presented the testimony by deposition of Prof. Wolf. Appellants failed to file any affidavits or depositions to disprove any *non-defect* possibilities relative to the cause of the accident, although now on this appeal, appellants attempt to make use of the untimely filed Harris deposition. The determination of this question comes down to not what appellants failed to do, but rather the responsibility and burden is upon S & F in support of its motion for summary judgment.

Assuming arguendo that the Harris deposition had been before the trial court and upon consideration thereof, the three *non-defect* possibilities had been eliminated as a cause of the accident, there still remained the two other *defect* possibilities relative to lock washer failure and the bolt being too long. S & F offered no evidence to eliminate either of these two alleged *defect* possibilities, thus under the rule in *Weatherford* and *Winters,* there remained two possible *defect* possibilities, and thus there remained a genuine issue of fact which prevents the entry of summary judgment.

S & F bore the burden to show by unassailable proof that it was entitled to a judgment as a matter of law. S & F, at the hearing on the motion for summary judgment, offered no evidence on the two possibilities (i.e., the alleged defects), but rather, S & F elected to rely upon the deposition testimony of Prof. Wolf. This course of action by S & F did not satisfy Rule 74.04 as regards the moving party (i.e., S & F in this case) to show or resolve by unassailable proof all genuine issues of material fact.

This court observes that this appeal addresses only the motion for summary judgment as regards S & F. The record reveals that appellants' claim against Harris has been fully determined by jury trial, which resulted in a verdict to the favor of Harris. No appeal was taken from that portion of the judgment. The ruling hereon should not be construed in any manner as applicable to any portion of the proceedings as between all the parties hereto, except the ruling on the motion for summary judgment regarding Scott & Fetzer Co.

For the reasons set forth herein, the summary judgment heretofore entered to the favor of respondent Scott & Fetzer Co. is reversed, and this cause is remanded to the circuit court for further proceedings, if any, in conformity to this opinion.

All concur.