**SHADOWOOD DEVELOPMENT COMPANY LTD., and J.E. Jones Construction Co., Appellants,**

v.

**CITY OF LAKE ST. LOUIS, Respondent.**

No. 47210.

Missouri Court of Appeals, Eastern District, Division Six.

April 3, 1984.

Claude C. Knight, St. Charles, for appellants.

Louis S. Czech, Clayton, for respondent.

CLEMENS, Senior Judge.

Breach of contract action by Shadowood Development Ltd. and another. They sought to enforce an alleged contract for sewers to be built in defendant municipal corporation.

Shadowood based its claim on two documents: A written construction contract signed only by the city's acting mayor, and on a motion *thereafter* passed by the city's board of aldermen accepting "the Sewer Agreement", stating:

"A Sewer Agreement from Shadowood Development, Ltd. and J.E. Jones Construction Co. owners of a parcel known as Ravenwood was presented to the Board.

On Motion duly made by John Stratton, seconded by Larry Goudy and unanimously carried, the Board voted to accept the Sewer Agreement."

The city challenged plaintiffs' claim by a motion in limine to exclude plaintiffs' two documents; this on the ground there was no enforcible contract because the city's board of aldermen had not specifically authorized its mayor to contract with plaintiffs, as required by RSMo. Sect. 432.070. The trial court so found and dismissed plaintiffs' petition. They have appealed. We affirm.

We first consider the trial court's finding and judgment of dismissal. Upon submis-

**648**

sion of the city's motion in limine the court ruled:

> "I'm going to rule the motion in limine primarily upon the basis that the Court would find that the journal and minutes of the board of aldermen, Plaintiffs' Exhibit 4, does not authorize anyone, and specifically, does not authorize the mayor who signed the agreement, Plaintiffs' Exhibit 1, to do so. The Court's finding that Section 432.070 specifically requires that authorization to be in writing."

Further, the trial court

> "rules upon the basis that there was no specific written authorization for the mayor to enter into the contract and even the cases previously referred to as cited by the Plaintiffs would indicate the requirement that the agent for the City and here the mayor must be 'authorized in writing'. And the Court finds the journal and minute entries, Plaintiffs' Exhibit 4 to be totally deficient in that regard and therefore would sustain the motion in limine and ... the Court excludes from evidence the Plaintiffs' Exhibit 4 and Plaintiffs' Exhibit 1."

In all this the trial court relied on *State ex rel. State Hwy. Comm. v. City of Sullivan*, 520 SW2d 186 (Mo.App.1975). That case resolves ours. There the trial court excluded from evidence an agreement signed by the city's mayor and also the board's minute entry referring thereto. In affirming the court ruled:

> "Section 432.070 RSMo.1969 specifically requires that all contracts entered into by a city be in writing and that the authority for such contracts must also be in writing. Therefore, a contract even though signed by the Mayor and attested by the Clerk is not valid unless duly authorized by the Board of Aldermen.... And where the records of the City do not disclose authorization granted to the Mayor to enter into any contract there can be no valid writing binding the City under Section 432.070.... In order to bind the City of Sullivan to the utility agreement executed by Mayor Hayes on July 11, 1968, the record entry

in the City journal of minutes of January 18, 1968 purportedly authorizing the contract must not be vague and uncertain but must sufficiently identify the subject matter under consideration with reasonable exactitude and specificity...."

> "We do not disagree with the trial court's action in excluding the minute entry, for the minute is vague as to authorization of the utility agreement of July 11, 1968. We conclude that the trial court did not abuse its discretion in refusing to receive the minute entry into evidence...."

> "Thus, there was no authority for the utility agreement, and it would not be binding and enforceable against the City.... The utility agreement was properly excluded from evidence."

Following SULLIVAN, we affirm.

In this we have considered, but find not controlling, the cases briefed by plaintiffs.

PUDLOWSKI, P.J., and DOWD, J., concur.