## CONSUMERS OIL COMPANY, Appellant,

v.

## AMERICAN NATIONAL BANK, Respondent.

### No. WD 37816.

Missouri Court of Appeals, Western District.

July 15, 1986.

Kranitz & Kranitz, P.C., St. Joseph, for appellant.

Nola Wright Phillipson, St. Joseph, for respondent.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

BERREY, Judge.

Consumers Oil Company (hereinafter Consumers) appeals the trial court granting summary judgment to respondent American National Bank (hereinafter bank).

Roger Carson was a large farm operator in Andrew County, who in the course of his farming operations arranged for a line of credit with the respondent bank. Consumers, a farm supply co-op, contends it sold farm supplies to him based upon a letter informing it of this fact; it claims the letter written by Jim Spiking, an assistant vice-president of the bank, constituted a guarantee on part of the bank to pay the bills of Roger Carson. The letter in its entirety is set forth below:

April 26, 1984

Mr. Ken Schinkel
CONSUMER COOP
Box 130
Maryville, MO 64468
Dear Mr. Schinkel:
This letter is to inform you of American National's commitment to provide operating money to Roger Carson, for 1984. This is in regard to the general crop expenses associated with Roger's planned cash flow.
This commitment shall be in effect so long as there is no substantial change in

Mr. Carson's financial condition as would, in the judgment of this bank, adversely affect his ability to repay his indebtedness.

If you have any questions in regard to this, please feel free to call.

> Sincerely,
> Jim Spiking
> Assistant Vice
> President

JS:ms

THUR2/G1

Consumers filed this action to recover damages against Mr. Carson and his wife as well as the bank. As to Mr. Carson,[1] Consumers obtained a jury verdict against him in the sum of $71,605.95 in principal and $20,411.99 in interest. This judgment is not part of this appeal.

The trial court granted the bank's motion for summary judgment on Consumers' claim the bank was responsible for Mr. Carson's indebtedness as a guarantor. Appeal is taken from this order.

Appellant raises two points on appeals: (1) that the trial court erred in granting summary judgment to the bank and (2) that the trial court erred in not permitting appellant to file an amended petition.

In reviewing a summary judgment the court must determine whether or not there is a genuine issue of material fact such as to require a trial and whether the prevailing party is entitled to judgment as a matter of law. *Butcher v. Ramsey*, 628 S.W.2d 912, 914 (Mo.App.1982). All factual inferences are taken against the party seeking a summary judgment and in favor of the party opposing summary judgment. *Howard Construction Company v. Jeff-Cole Quarries, Inc.*, 669 S.W.2d 221, 226 (Mo.App.1983).

On August 21, 1985, Consumers filed its "Request for Trial Setting" stating that the "case is at issue, all discovery has been completed on behalf of plaintiff and request is hereby made that it be placed on the court's jury trial docket." On November 14, 1985, the bank filed its motion for summary judgment with attached suggestions and affidavits of Jim Spiking and David Cox employees of the bank. Consumers filed an answer to the motion for summary judgment on November 20, 1985. The answer was verified but contained no separate affidavits. The answer contains this conclusion under point 4:

> 4. It is apparent from the factual statements set out above or adopted herein, that serious matters of justiciable nature are unresolved in this cause, and can only be resolved by the trier of facts. There is no basis for summary judgment. The pleadings, depositions, and affidavits in the file show that there are genuine issues as to material facts, and that neither party is entitled to a judgment as a matter of law. VAMR 74.04(c).

■ Consumers fails to set forth specific facts which would demonstrate a material issue for trial. The answer relied upon by Consumers refers back to statements made in previous hearings, depositions and interrogatories and does not follow Rule 74.-04(e). This court fails to find a genuine issue of material fact and holds that the bank is not guarantor as a matter of law.

A fair reading of the letter leads to only one conclusion that the bank was providing "operating money to Roger Carson, for 1984." There was no evidence that the bank guaranteed to pay Roger's expenses. It simply provided that Mr. Carson will have the funds to operate his farm in 1984. This letter is not a commitment for the bank to pay any portion of Roger's debts to any lender. Consumers own petition on account alleges that "[I]n order to insure and guarantee that defendants Carson could operate as farmers in the year 1984, defendant bank represented in writing committed itself *to provide the funds to the defendants.*" Both this allegation and the bank's letter constitute sufficient grounds for the trial court to find no material fact was at issue.

The liability of a guarantor is limited by the specific terms of the instrument. A

---

**1.** The cause against Mrs. Carson was dismissed   by appellant.

guarantor is entitled to a strict construction of his obligation; he is not bound beyond the letter of his obligation and nothing may be implied against the guarantor. *Citizens Bank of Smithville v. Lair*, 687 S.W.2d 268, 270 (Mo.App.1985). "[N]o stretching or extension of its terms can be indulged in order to hold the guarantor liable on his guaranty." *Zoglin v. Layland*, 328 S.W.2d 718, 721 (Mo.App.1959).

When the intention is clearly stated in a written guaranty the liability of the guarantor may not be enlarged or extended beyond its specific terms. As stated, it is clear the bank guaranteed operating funds to Mr. Carson. It did not guarantee payment of Carson's bills of account in the event Mr. Carson failed to pay. Plaintiff's point one is denied.

Consumers for its second point alleges trial court error because the trial court denied it leave to file an amended petition alleging fraud. Consumers' request was made subsequent to the summary judgment entered by Judge Connett.

Consumers relies on Rule 55.33(a) which provides that "a party may amend his pleading only by leave of court ... and leave shall be fully given when justice so requires." Appellant also anticipates four cases the respondent will cite and, with futility, attempts to distinguish them from the case at bar.

The function of Rule 55.33 is to permit matters to be presented that were overlooked or unknown when the original action was filed, without changing the original cause of action *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 802 (Mo.App.1975). Prejudice affecting the opposing party is the reason used most frequently in denying leave to amend.

The trial court has discretion to permit an amendment and his decision will not be disturbed on appeal unless it is shown the trial court palpably and obviously abused its discretion *S_____ v. W_____*, 514 S.W.2d 848, 854 (Mo.App.1974).

In determining whether or not prejudice will result the trial court should consider "hardship to the moving party if leave is denied, the reasons for the moving party's failure to include the new matter in its original pleading and the injustice resulting to the party opposing the motion should it be granted." *DeArmon v. City of St. Louis, supra*, 525 S.W.2d at 802.

Consumers' attorney states that he was being very careful in drafting the original pleading so as "not to invite the kind of media attention that would come to a suit which spelled out fraud on the part of the bank." He alleges this was not appreciated and "now offer[ed] to ask leave of court to file an amended petition." By his own admission, plaintiff's attorney concedes that the matter sought to be plead in the first amended petition was neither overlooked or unknown to plaintiff when it filed its original petition.

Respondent cites *Baker v. City of Kansas City*, 671 S.W.2d 325 (Mo.App.1984). *Ackerman v. Roufa*, 584 S.W.2d 100 (Mo.App.1979); *Brassfield v. Allwood*, 557 S.W.2d 674 (Mo.App.1976) and *Mid Continent News Company, Inc. v. Ford Motor Company*, 671 S.W.2d 796 (Mo.App.1984) in support of the trial court's decision to deny Consumers' request.

The appellant attempts to distinguish these cases but the court is not persuaded by such effort. Consumers acknowledge it was attempting to save the respondent bank from embarrassment and charges of fraud. The facts upon which it is now claimed to warrant the allegation of fraud were in existence at the time of the first amended petition. The reason for not pleading fraud at the outset rings hollow. The substance of the proposed amendment being known when the petition on account was first filed it is not error to now deny its filing as an amended petition. *Ackerman v. Roufa, supra*, 584 S.W.2d at 103; *Brassfield v. Allwood, supra*, 557 S.W.2d at 677.

The court extends its appreciation to plaintiff for pointing out certain errors or omissions in respondent's brief, however, the court declines plaintiff's suggestion to strike said brief.

Point two is ruled against plaintiff. Judgment affirmed.

All concur.