**MAXI–LIFT, INC., Respondent,**

v.

**John M. CORBETT, Appellant.**

**No. WD 41677.**

Missouri Court of Appeals, Western District.

Nov. 21, 1989.

Thomas J. Walsh, Lee's Summit, for appellant.

Martha A. Halvordson, Kansas City, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

BERREY, Presiding Judge.

Appeal from a grant of summary judgment in favor of respondent. Appellant's sole point alleges that the trial court erred in its grant of summary judgment in that appellant had a statutory right for election as to satisfaction of his homestead exemption.

On August 2, 1985, a judgment in favor of respondent, Maxi–Lift, Inc. against appellant, John Corbett, was granted by the United States District Court for the Northern District of Texas in the sum of $36,-393.94. The judgment was registered in the United States District Court for the Western District of Missouri. On November 5, 1987, execution was levied by the United States Marshal against real estate legally described as, "Lot 147, COLEMAN HIGHLANDS ADDITION, a subdivision in Kansas City, Jackson County, Missouri, according to the recorded plot thereof," com-

monly known as 936 W. 34th Street. Corbett claimed a homestead exemption in the property pursuant to § 513.475, RSMo 1986.

On February 4, 1988, pursuant to § 513.525, RSMo 1986, respondent filed a "Petition Where Homestead Cannot Be Occupied In Severalty," in the circuit court of Jackson County. Appellant filed his answer claiming a homestead exemption in the property at 936 W. 34th Street.

Maxi–Lift filed a motion for summary judgment on June 6, 1988, with suggestions in support of its motion. Accompanying the motion was the affidavit of Maxi–Lift's president Victor A. Sahm, which, among other things, stated that the value of the real estate in question exceeded the $8,000 homestead exemption amount.

On August 3, 1988, after a determination by the trial court that the value of the property exceeded the $8,000 homestead exemption and that the real estate in question could not be occupied in severalty, the court granted Maxi–Lift's motion for summary judgment.

The review of summary judgment mirrors review of a court-tried or equity proceeding. *Roberts Fertilizer, Inc. v. Steinmeier*, 748 S.W.2d 883, 886 (Mo.App.1988). The reviewing court must determine if there is any genuine issue of material fact requiring a trial and whether if, as a matter of law, the party is entitled to judgment. *Consumers Oil Company v. American National Bank*, 713 S.W.2d 598, 599 (Mo.App.1986). Review is done in the light most favorable to the party against whom summary judgment has been rendered. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984).

Rule 74.04 governs summary judgments. In pertinent part it states that, "[t]he judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.-04(c).

In the instant case, respondent properly filed its motion for summary judgment with suggestions in support thereof and an affidavit of its president, Victor Sahm. Appellant failed to respond. The action was pursuant to § 513.525, RSMo 1986, which states:

> **513.525. If homestead cannot be occupied in severalty court may grant relief.**—Whenever any dwelling house, outbuilding and the land in connection therewith, in which a homestead shall exist, shall exceed the respective value mentioned in section 513.475, and a severance of such homestead would greatly depreciate the value of the residue of the premises, or be of great inconvenience to the parties interested either in such residue or in such homestead, either party may apply to the circuit court by petition, setting forth the facts, for relief; and upon the hearing of such petition, if it shall appear that such homestead cannot be occupied in severalty without great inconvenience to the parties interested in such homestead or in such residue, the court may order such homestead to be transferred to such other parties, and the payment of the value of the homestead interest to the owner thereof; or, at the option of such owner, may order such other parties to transfer such residue to him, and order him thereupon to pay such other parties the value thereof, to be fixed by the court; or, if the case require it, the court may order a sale of the whole premises, and apportion the proceeds between the parties; and such court may make all such orders in the premises as shall be equitable and needful.

Appellant complains that there is nothing in the record showing that the value of the property in question exceeded the homestead amount and that he was denied the option for transferring the residue to him and for payment of the judgment amount. However, that the record is silent as to appellant's wishes concerning the homestead exemption is due entirely to appellant's failure to respond to Maxi–Lift's motion.

The Missouri Supreme Court in *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 242–43 (Mo. banc 1984), provided clear guidelines for situations in which no answer is made to a motion for summary judgment:

> The affidavits and accompanying materials filed by respondents in support of their motions, not denied by appellants, stand admitted. *Cherry v. Hayti Heights*, 563 S.W.2d 72 (Mo. banc 1978). An order of summary judgment will not be set aside on review if supportable on any theory. *Kirkwood v. Sunset Hills*, 589 S.W.2d 31 (Mo.App.1979). Summary judgment is appropriate in the first instance only when no theory within the scope of the pleadings, depositions, admissions and affidavits filed would permit recovery and the moving party is entitled to judgment as a matter of law.

Thus, because no answer was made by appellant to the motion, the suggestions in support of the motion, and the accompanying affidavit, all that is contained there is deemed admitted. This is consistent with Rule 74.04(e) which states, in pertinent part:

> When a motion for summary judgment is made and supported as provided in the Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The question thus becomes one as to the appropriate nature of the grant of summary judgment. As relief in the instant case was granted under § 513.525, RSMo 1986, appropriateness is measured by what is required therein. Two conditions, as outlined in this statute, must be met. The value of the property must exceed the $8,000 value given in § 513.475 for the homestead exemption and "a severance of such homestead would greatly depreciate the value of the residue of the premises, or be of great inconvenience to the parties interested in such residue or in such home-

stead...." § 513.525, RSMo 1986. Victor Sahm's uncontroverted affidavit states that the value of the homestead exceeds $8,000 and that a severance of the homestead would greatly depreciate its value and be of great inconvenience to the parties.

The relief granted by the trial court was also appropriate under § 513.525, RSMo 1986, which explicitly states that "the Court may order such homestead to be transferred to such other parties, and the payment of the value of the homestead interest to the owner thereof...."

Appellant complains that he was not given the option outlined by the statute, the option of having the trial court order "such other parties to transfer such residue to him, and order him thereupon to pay such other parties the value thereof...." § 513.525, RSMo 1986. Appellant did not exercise his option, nor can his silence be construed as an election to do so.

The judgment of the trial court is affirmed.

All concur.