**Paul DETKO, Pat Detko, and Detko Estates, Inc., Appellants,**

v.

**CITY OF PLATTSBURG, a Municipal Corp., Respondent.**

**No. WD41719.**

Missouri Court of Appeals, Western District.

March 27, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied July 31, 1990.

Thaine Q. Blumer, Blumer & Nally, Kansas. City, for appellants.

George A. Pickett, Frost, Fisher, Pickett & Dahms, Plattsburg, for respondent.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Paul E. Detko, Pat Detko, and Detko Estates, Inc., a Missouri corporation, sued the City of Plattsburg, a municipal corporation (City), alleging that the City breached a land sale contract. They appeal from summary judgment in favor of the City. The judgment is affirmed.

A reservoir belonging to the City was located approximately one-half mile north of the Plattsburg city limits and initially served as the water supply for the City. On May 8, 1984, the Plattsburg Board of Aldermen voted to advertise the City's reservoir for sale. Notice of the sale was advertised in Kansas City and St. Joseph newspapers and on radio. One Kansas City television station did a news piece on the sale, providing additional publicity. The advertisements stated that the land included 113.7 acres on which was located a 57–acre lake and that the City would accept bids at the Office of the City Clerk until 4:00 p.m., June 12, 1984. The City reserved the right to accept or reject any and all bids.

Upon hearing of the proposed sale, Mr. Detko became interested in purchasing the property. He and his wife drove from their home in Kansas City to view the property on June 10, 1984, and submitted a bid that day. The Detkos' bid of $36,855 was accepted as the high bid by unanimous vote of the Board of Aldermen on June 12, 1984. Mr. Detko was notified of this fact by phone a few days later. After learning that their bid had been accepted, the Detkos entered into an agreement to resell the property to Mr. A.J. Parker.

At this point the appellants' and respondent's recitations of the facts diverge. The City claims that on June 22, 1984, Mr. Detko was informed by the city clerk that the land contained 19.65 acres less than advertised, but Mr. Detko contends that he was not informed until June 25. Mr. Detko paid a 10 per cent down payment to the City on June 22, 1984. Negotiations ensued between Mr. Detko and the City regarding purchase of the 94 acres. Ordinance No. 1186 was passed by the Board of Alderman on July 10, 1984, approving sale of the land to Mr. and Mrs. Detko and authorizing the Mayor and City Clerk to execute a general warranty deed. The Detkos never accepted the smaller acreage. On September 20, 1984, a letter was sent to the Detkos requesting that they inform the City whether they intended to purchase the property.

The Detkos' suit alleged that the City breached a contract to sell 113.7 acres. Their inability to perform the contract with Mr. Parker and sell him 113.7 acres for the sum of $600,000 was the principal damage claimed. They also claimed punitive damages totalling $1,000,000.

The City filed a motion for summary judgment. A hearing was had on February 1, 1989. Based on the pleadings, depositions, and affidavits on file, the trial court ordered summary judgment in favor of the City on February 3, 1989. The court held that no genuine issue as to a material fact existed and that the City was entitled to judgment as a matter of law because no written contract conforming to § 432.070, RSMo 1986, existed.

The Detkos appeal alleging two points of error. They contend the court's summary judgment was erroneous because (1) a written contract existed between the Detkos and the City as required by § 432.070, RSMo 1986, and (2) the facts demonstrate misrepresentation by the City, which limits the applicability of § 432.070, RSMo 1986.

Rule 74.04(c) allows summary judgment where a review of the pleadings, depositions, admissions and affidavits on file shows no genuine issues of material fact and that a party is entitled to judgment as a matter of law. On appeal, this court reviews the entire record in a light most favorable to the party against whom summary judgment is entered. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App. 1984).

■ The trial court was correct in granting summary judgment in favor of the City. No written contract existed between the Detkos and the City. Section 432.070, RSMo 1986 is controlling. It states:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

The requirements of this section that all contracts made by a municipality be in writing, dated when made, and signed by the parties are mandatory, not merely directory, and a contract made in violation of those provisions is void not voidable. *City of Fenton v. Executive International Inn, Inc.*, 740 S.W.2d 338, 340 (Mo.App.1987). The essential elements of a contract—competent parties, proper subject matter, legal consideration, mutuality of agreement and mutuality of obligation—must also be satisfied. *Marc's Restaurant, Inc. v. CBS, Inc.*, 730 S.W.2d 582, 585 (Mo.App.1987).

■ A contract need not consist of only one written document, *Riley v. City of Rock Port*, 165 S.W.2d 880, 889 (Mo.App. 1942), and the Detkos assert that a number of writings constitute the contract. These writings include: the Detkos' written bid, minutes of the City's Board of Aldermen accepting the bid, and City Ordinance 1186. These writings were made over a period of time. The first two were made before a dispute arose over the number of acres to be sold. The ordinance, which authorized agents to act on the city's behalf, was

passed after the dispute arose about the number of acres being sold. Integrating these writings does not yield a contract embodying the intent of all parties. Thus, no mutuality of agreement existed. The seller did not intend to sell what the buyer wanted to buy, and both were aware of the discord before the July 10 ordinance was passed. The essential elements necessary to make a contract and the additional requirements of § 432.070, RSMo 1986 were not satisfied. The writings are not a contract and are not enforceable as a contract. *See Shadowood Dev. Co. v. City of Lake St. Louis,* 668 S.W.2d 647 (Mo.App.1984).

The judgment is affirmed.

All concur.