**Jody Lee DAVIDSON, by Next Friend Francie DAVIDSON, Appellant,**

v.

**Roger L. ALLEN and Janis Allen, Respondents.**

**No. WD 43094.**

Missouri Court of Appeals, Western District.

Oct. 30, 1990.

J.C. Hambrick, Jr., Catherine Reinmiller, Kansas City, for appellant.

Norman I. Reichel, Kansas City, for respondents.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

BERREY, Judge.

Jody Davidson by his next friend Francie Davidson, his mother, appeals from a grant of summary judgment in favor of respondents, Roger and Janis Allen in a tort action. Appellant argues that the trial court erred in granting respondent's motion for summary judgment because a genuine issue of material fact existed for the jury as to whether respondents had a duty to repair or warn of the dangerous condition,

whether respondents had actual or constructive knowledge of the dangerous condition and whether respondents breached a duty owed to appellant. Affirmed.

On June 17, 1985, Jody Davidson was invited to a birthday party. The party was held by Nancy Case who had rented the premises from the Allens. The Allens had purchased the property in May, 1984, and although they undertook to clean up the property, they made no structural repairs.

Jody climbed a tree on the property in the company of Rodney Peek, Nancy Case's son. The tree had boards affixed to it, the remains of a treehouse. Jody climbed upon the boards which collapsed, plunging him to the ground below.

Jody, by his mother and next friend, filed suit against the Allens. In his petition he alleged that the Allens were responsible for maintaining the property and that the treehouse base was constructed prior to Nancy Case's tenancy. He alleged that the Allens should have known about the treehouse and that the treehouse constituted a dangerous condition. Respondents filed a motion for summary judgment. Both sides filed affidavits. Roger Allen denied any awareness of the boards affixed to the tree. The boards could be seen by looking up into the deciduous tree and were visible from the front and back yard of the premises.

The trial court granted summary judgment finding that there existed no genuine issue of material fact; that the Allens had no actual or constructive notice of the condition and owed no duty of care to repair or warn of the condition on the leased premises.

The review of a grant of summary judgment mirrors the review of a court-tried or equity proceeding. *Maxi–Lift, Inc. v. Corbett*, 780 S.W.2d 148, 149 (Mo.App.1989). The reviewing court has the responsibility of determining whether there exists any genuine issue of material fact and whether the party is entitled to judgment as a matter of law. *Consumers Oil Co. v. American Nat'l Bank*, 713 S.W.2d 598, 599 (Mo.App.1986). Review is done in the light most favorable to the party against whom

summary judgment has been given. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984).

Summary judgments are governed by Rule 74.04, which reads, in pertinent part:

The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Appellant argues that a genuine issue of material fact did exist and the court erred in its grant of summary judgment. The appellant contends that the issues of whether respondents had a duty to repair or warn, whether respondents had actual or constructive knowledge of the condition and whether respondents breached a duty owed to appellants were issues that should have been submitted to a jury.

■ Under most circumstances no liability attaches to a landlord or lessor for injuries to a tenant or a tenant's invitees caused by a dangerous condition. *Conroy v. Solon Gershman, Inc.*, 767 S.W.2d 381 (Mo.App.1989). The landlord has no duty unless the condition was known to the landlord and not to the tenant and not discoverable by the tenant when exercising ordinary care. *Wingo v. Eagle Realty Co.*, 726 S.W.2d 805, 806 (Mo.App.1987).

■ Respondents denied knowledge of the condition. Rodney Peek, Nancy Case's son, had seen the boards in the tree before the date of the accident. The boards could be seen when looking up into the tree. The tree itself was deciduous and lost its leaves in the fall. It is clear that Rodney Peek knew of the condition and that the condition was certainly discoverable in the exercise of ordinary care.

■ Appellant claims that the respondent was liable because in "areas that a landlord has undertaken to repair voluntarily or by consent, the landlord must exercise reasonable care ... and is liable for injury caused by negligence ... in leaving

the premises in an unsafe condition." *Van Doren v. Cook*, 672 S.W.2d 724, 726 (Mo. App.1984). Appellant points out that respondent hired someone to trim the trees. The tree in question, however, was not trimmed until well after the accident.

Analysis of the circumstances in the instant case reveals that no genuine issue of material fact existed and that the trial court's grant of summary judgment was proper.

The judgment of the trial court is affirmed.

All concur.