Vivian and Alan **OETTING**, Appellants,

v.

**MISSOURI OSTEOPATHIC FOUNDATION d/b/a Charles E. Still Hospital, Doerhoff Surgical Services, P.C., Respondents.**

No. WD 43716.

Missouri Court of Appeals, Western District.

April 2, 1991.

Roger G. Brown, Jefferson City, for Vivian and Alan Oetting.

P. Pierre Dominique, Jefferson City, for Missouri Osteopathic Foundation d/b/a Charles E. Still Hospital.

Dale C. Doerhoff, Jefferson City, for Doerhoff Surgical Services, P.C.

Before BERREY, P.J., and KENNEDY and ULRICH, JJ.

BERREY, Presiding Judge.

Appellant, Vivian Oetting, appeals from the trial court's grants of summary judgment in favor of respondent Doerhoff Surgical Services, on the basis that the statute of limitations had run and in favor of respondent Still Hospital, on the basis that no genuine issues of material fact were presented. Affirmed.

Appellant presents two points for consideration: (1) that the trial court erred in granting Doerhoff's motion for summary judgment because the statute of limitations may be tolled where there is an overt act concealing her cause of action; and (2) that

the trial court erred in granting Still Hospital's motion for summary judgment as genuine issues of material fact were presented by appellant.

Appellant was admitted to Still Hospital on April 22, 1983, for the delivery of her child. After several hours of labor she was informed that Dr. Doerhoff would perform a caesarean section delivery. After her discharge from the hospital, appellant developed a serious infection at the incision point of her caesarean section.

Appellant claims that she repeatedly requested an explanation of the infection from Dr. Doerhoff. She alleges that Dr. Doerhoff told her that a sewer backup was responsible for a rash of infections. Dr. Doerhoff denied telling appellant that this was the cause.

Appellant brought suit against Still Hospital on September 14, 1984, alleging that the cause of her infection was due to the hospital's failure to prevent patients from coming into contact with areas of the hospital contaminated by large quantities of sewage. Upon entry of appearance of appellant's new attorney, Dr. Doerhoff was added as a defendant on July 21, 1986, well after the statute of limitations had run. Appellant claimed, however, that the statute had been tolled because Dr. Doerhoff caused her to believe that her injury resulted from the negligence of the hospital and not from his negligence.

Motions for summary judgment were granted in favor of Dr. Doerhoff and Still Hospital. This appeal followed.

■ Appellant, in Point I, challenges the trial court's grant of summary judgment to Dr. Doerhoff arguing that the statute of limitations in this matter had been tolled by Doerhoff's fraudulent concealment of his negligence, the failure to administer prophylactic antibiotics immediately following the caesarean section. The applicable statute of limitations in actions of this kind is two years. § 516.105, RSMo 1986. Appellant looks to the savings provision of § 516.280, RSMo 1986 which provides, "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

■ In the instant case no such fraudulent concealment occurred. Appellant's expert, Dr. John Mathers, testified that from looking at appellant's hospital chart he was able to tell that no prophylactic antibiotics had been administered. No attempt had ever been made to conceal this fact from appellant. Appellant had legal counsel in the matter as early as June 7, 1983, a matter of approximately two months after her caesarian. Appellant had access to the chart before the initial suit was filed on September 14, 1984. In *Tayborn v. Burstein*, 748 S.W.2d 824 (Mo.App.1988), the court outlined the six elements that must be established by a plaintiff in a fraudulent concealment case. These are:

(1) In treating the plaintiff, the doctor did or failed to do something which caused the injury;

(2) The doctor's conduct failed to meet the required standards of professional competence and was therefore negligent;

(3) The doctor had actual knowledge that he caused the injury;

(4) With that knowledge the doctor intended by his post-injury conduct and statements to conceal from the patient the existence of a claim for malpractice;

(5) The doctor's acts were fraudulent; and

(6) Patient was not guilty of a lack of diligence in sooner ascertaining the truth.

*Id.* at 826.

Appellant cannot establish these six elements. The fact that appellant was not given prophylactic antibiotics was a matter of record. Her expert admitted that such was apparent from the record. No allegation is made that appellant learned of any new facts previously concealed from her. In this case it was appellant's own lack of diligence in determining the truth which caused the statute to run, not any fraudulent concealment by Dr. Doerhoff. Appellant's Point I is denied.

Appellant, in Point II, alleges that the trial court erred in granting summary judgment to Still Hospital because genuine issues of material fact existed so as to make summary judgment inappropriate. Review of a summary judgment mirrors that of a court-tried or equity proceeding. *Maxi–Lift, Inc. v. Corbett*, 780 S.W.2d 148, 149 (Mo.App.1989). The reviewing court is charged with the responsibility of determining whether any genuine issue of material fact requiring a trial exists and if as a matter of law the party is entitled to judgment. *Consumers Oil Co. v. American Nat'l Bank*, 713 S.W.2d 598, 599 (Mo.App. 1986). Review is done in the light most favorable to the party against whom summary judgment has been given. *Fisher v. Scott & Fetzer Co.*, 664 S.W.2d 662, 663 (Mo.App.1984). If the grant of summary judgment is sustainable on any theory then the judgment of the trial court must be sustained. *Missouri Highway & Transp. Com. v. Commerce Bank*, 763 S.W.2d 172, 176 (Mo.App.1988).

Appellant claims that her infection was caused by bacteria contained in sewage, that the hospital did not take the appropriate and necessary actions to safeguard appellant from the risks arising from the contamination. Appellant's own expert, however, refutes such a theory. Dr. Mathers stated in his deposition that the infection occurred during surgery. He testified that infection is a known complication of a caesarian section. Dr. Mathers stated that the likelihood of E. coli bacteria entering the enclosed hematoma after surgery was "remote." He further stated that, "So I know that the 99 percent likelihood of that infection occurring at the time of surgery is true, and I cannot conceive of the other one percent." Appellant's own evidence negates the possibility that a sewer backup was the source of her infection. Dr. Mathers made it clear that a surface infection occurs during a caesarian section approximately ten per cent of the time. E. coli is a normal bowel bacteria and "vaginal and cervical contamination is an unavoidable occurrence at [a] C section." No genuine issue of material fact remains and the trial court correctly granted summary

judgment under Rule 74.04. Appellant's Point II is denied.

The judgment is affirmed.

All concur.