**CHICAGO TITLE INSURANCE COMPANY, Appellant,**

v.

**JACKSON, BROUILLETTE, POHL & KIRLEY, P.C., and Charles Christian Kirley, Respondents.**

**No. WD 51964.**

Missouri Court of Appeals, Western District.

July 23, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 27, 1996.

Application to Transfer Denied Oct. 22, 1996.

Frederick Haase Riesmeyer, II, Kansas City, for appellant.

David Roy Buchanan, John S. Rollins, Kansas City, for respondents.

Before ULRICH, C.J., P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

Appellant, Chicago Title Insurance Company ("Chicago Title"), appeals the order of the trial court granting summary judgment to respondents, the law firm of Jackson, Brouillette, Pohl & Kirley, P.C. ("Jackson–Brouillette"), and an individual lawyer of the firm, Charles Christian Kirley. The underlying dispute arises out of a loan in October of 1986, from Commerce Bank of Kansas City to 9221 Associates, a Missouri Limited Partnership, in which Kroh Brothers Development Company ("Kroh Brothers"), was the general partner.

The respondent law firm represented both Kroh Brothers and 9221 Associates. In October of 1986, Kroh Brothers, as the general partner of 9221 Associates was seeking financing up to $5,000,000 from Commerce Bank. Commerce Bank conditioned the loan on receiving a letter from counsel for the borrowers establishing the authority of 9221 Associates to execute all necessary documents and enter into the loan transaction.

Charles Kirley, on behalf of his law firm, issued a letter to Commerce Bank on behalf of Kroh Brothers and 9221 Associates in which he stated that 9221 Associates had

authority to enter into the loan and give Commerce Bank a deed of trust as collateral. Chicago Title issued a title policy to Commerce Bank guaranteeing the validity of the deed of trust.

Soon after taking an initial draw of $4,000,000 on the loan, Kroh Brothers and 9221 Associates went into bankruptcy proceedings and defaulted on the loan. In February of 1987, Commerce Bank was made aware that several of the limited partners of 9221 Associates claimed that the loan was not authorized and that the deed of trust was therefore invalid. Commerce Bank secured outside counsel to determine its position in regard to the loan. On March 30, 1987, Commerce Bank was advised by its outside counsel, Ben Mann, that Commerce Bank had a claim against Charles Kirley based upon his letter advising that 9221 Associates had authority to enter into the loan and give Commerce Bank a deed of trust as collateral for the loan. In December of 1988, Commerce Bank "wrote down" its loan to 9221 Associates by $300,000, allegedly as a direct result of the misrepresentations in Kirley's letter.

Commerce Bank then assigned its interest in the $300,000 loss to Chicago Title. Chicago Title filed its cause against Jackson–Brouillette and Charles Kirley on July 2, 1993, seeking damages for negligent misrepresentation in regard to Kirley's letter stating that 9221 Associates had authority to execute the deed of trust as collateral for the loan in question. Respondents, Jackson–Brouillette and Kirley filed a motion for summary judgment arguing that Chicago Title's action was barred by the applicable statute of limitations. The motion was sustained by the trial court and Chicago Title appeals.[1]

There is no dispute but that the applicable statute of limitations for negligent misrepresentation requires that an action must be brought within five years from the date on which it accrues. § 516.120(4), RSMo 1994.[2] The question in dispute here is when Chicago Title's cause of action accrued. If the cause of action accrued in March of 1987, when Commerce Bank was advised by Ben Mann that it had a cause of action against Kirley, this action is time barred. If the cause of action accrued when Commerce Bank "wrote down" its loan in December of 1988, it is not time barred.

■ A cause of action accrues for purposes of § 516.120 when the damage resulting from the offending act is sustained and capable of ascertainment. § 516.100. The phrase "capable of ascertainment" under § 516.100, refers to the fact of damage, not the amount of damage. *Hopmeier v. First Am. Title Ins. Co.*, 856 S.W.2d 387, 389 (Mo. App.1993). Therefore, a cause of action accrues for limitation purposes, when a party can first ascertain that he or she has been damaged, even though the precise amount of damages cannot yet be determined. *Id.* The most that is required is that some damages have been sustained, so that the claimants know that they have a claim for some amount. *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983). When a party knows or should have known of the offending act, and incurs attorney fees that would not otherwise have been incurred, but for the offending act, sufficient damages are established to begin the running of a statute of limitations. *Bor-*

---

1. There were three separate motions for summary judgment before the trial court. The motion that we address argued that Chicago Title's action was barred by the applicable statute of limitations. Respondents filed a second motion in which they argued that Chicago Title was not the real party in interest because they merely had a right of subrogation, not an assignment of Commerce Bank's claim. Respondents argued that since Chicago Title merely had a subrogation interest, the action was required to be brought in the name of Commerce Bank. The third motion argued that respondents were not liable because the letter which contained the alleged misrepresentations was a matter of a legal opinion and, therefore, not actionable as a fraudulent misrepresentation as a matter of law. The trial court sustained the first two motions and denied the third. Since we affirm the judgment of the trial court finding that the action was time barred, it is not necessary for us to address the issues raised by the trial court's ruling on the second and third motions.

We consider this appeal on the basis that Commerce assigned its interest herein to Chicago Title. Since the action is time barred, it is of no consequence whether it is brought in the name of Commerce Bank or Chicago Title.

2. All statutory references are to RSMo 1994 unless otherwise specifically stated.

*master v. Baldridge,* 723 S.W.2d 533, 539–40 (Mo.App.1987).

█ Chicago Title cites *Business Men's Assurance Co. of Am. v. Graham,* 891 S.W.2d 438, 446–47 (Mo.App.1994), and *Kansas City v. W.R. Grace & Co.,* 778 S.W.2d 264, 268 (Mo.App.1989), for the proposition that if contradictory conclusions as to when a cause of action accrued can be drawn from the evidence, the question is to be submitted to the jury and is not appropriate for summary judgment. While this is true, the evidence in the case at bar does not support contradictory conclusions as to when Chicago Title's cause of action accrued.

█ In the case at bar, there is no dispute but that Commerce Bank was advised by its attorney, Ben Mann, in March of 1987, that it had a claim against Kirley based upon Kirley's letter which, according to Mann, misrepresented that 9221 Associates had authority to enter into the loan and deed of trust. Furthermore, the record reflects that Commerce Bank incurred attorney fees by having Mann review the position of the limited partners that the loan and deed of trust were unauthorized. By March of 1987, Commerce Bank knew that it had a claim against Kirley and his law firm and Commerce Bank had incurred damages in the nature of attorney fees that it would not otherwise have incurred but for Kirley's alleged misrepresentation. Nonetheless, Chicago Title did not file its petition until over six years later in July of 1993. The claim was barred by the five year limitation of § 516.120(4).

The judgment of the trial court is affirmed.

All concur.