Galyn M. STARK, Appellant,

v.

LEHNDORFF TRADERS VENTURE, Respondent.

No. WD 52425.

Missouri Court of Appeals, Western District.

Feb. 25, 1997.

Frederick W. Bryant, Rubins, Kase, Rubins, Cambiano & Bryant, Kansas City, for appellant.

David R. Buchanan, Scott D. Hofer, Brown & James, P.C., Kansas City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

The issue presented in this appeal is whether the owner/lessor of a pedestrian ramp in a commercial parking garage retained sufficient control over the property to incur a duty to maintain it in a reasonably safe condition. Because the rights retained by the owner/lessor in the lease agreement to protect and preserve the leased property were not related to the maintenance or repair of the garage or ramp, the owner/lessor did not have a duty to maintain the ramp in a reasonably safe condition. The summary judgment entered in favor of the owner/lessor is affirmed.

Galyn Stark claims she was injured when she fell on a pedestrian ramp in a parking garage owned by Lehndorff Traders Venture (Lehndorff) and leased by Meyers Parking System, Inc. (Meyers Parking). Ms. Stark sued Lehndorff for her personal injuries alleging that Lehndorff failed to maintain the ramp in a reasonably safe condition, failed to repair the defective and dangerous condition of the ramp, and failed to warn her of the defective and dangerous condition. Ms. Stark sought damages for medical expenses, lost wages, and future medical expenses.

Lehndorff filed a motion for summary judgment on alternative theories. First, Lehndorff argued that it had no duty to maintain or repair the premises under the lease agreement with Meyers Parking. Alternatively, Lehndorff asserted that Ms. Stark's status as a licensee and its lack of knowledge of the ramp's condition negated the duty element of Ms. Stark's cause of action [1]. The trial court granted the summary judgment motion. This appeal followed.

On appeal, Ms. Stark claims that the trial court erred in granting Lehndorff's motion for summary judgment. She contends that a genuine issue exists regarding whether Lehndorff retained sufficient control over the leased property to incur a duty to maintain the property in a reasonably safe condition.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Fact assertions contained in affidavits or otherwise that support a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the exis-

---

1. Because Lehndorff's first ground for summary judgment is dispositive, the alternative theory is not addressed.

tence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant must show that one or more of the material facts asserted by the movant not to be in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rest upon the mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.; Reeves v. Keesler,* 921 S.W.2d 16, 19 (Mo.App.1996).

In a negligence action, the claimant must establish the following elements: (1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages. *Bickerton, Inc. v. American States Ins. Co.,* 898 S.W.2d 595, 600 (Mo.App. 1995); *Martin v. Pashia,* 892 S.W.2d 681, 683 (Mo.App.1994). In Missouri, a lessor does not have an obligation or duty to repair unless a contract exists that creates a duty to repair. *Hornbeck v. All Am. Indoor Sports, Inc.,* 898 S.W.2d 717, 722 (Mo.App.1995). Where the lessor, however, retains partial control of the leased premises for the purpose of making repairs, the lessor is obligated to make such repairs and maintain the premises in a reasonably safe condition for the use intended. *Id.*

In its summary judgment motion, Lehndorff asserted that it had no duty under its lease agreement with Meyers Parking to make repairs to the ramp to maintain it in a reasonably safe condition. Lehndorff relied on the recent Western District decision, *Hornbeck v. All American Indoor Sports, Inc.,* 898 S.W.2d 717 (Mo.App.1995), in arguing that it was entitled to judgment as a matter of law because Ms. Stark had failed to establish the duty element of her cause of action. In *Hornbeck,* an injured plaintiff sued the owner of an indoor soccer field claiming that a rip in the artificial playing surface caused his injury. *Id.* at 719. The plaintiff alleged that the owner breached its duty to maintain the indoor soccer arena in a

reasonably safe condition by failing to repair the defective surface. *Id.*

The owner had leased the property to another party. In the lease agreement, the owner reserved the right to enter, inspect, repair, or perform any other reasonable acts to the premises related to the safety, protection, or preservation of the premises. *Id.* at 722. The owner filed a motion for summary judgment asserting that it had no obligation under the lease agreement to maintain the property in a reasonably safe condition. *Id.* at 723. The trial court agreed and granted the owner's summary judgment motion. *Id.* at 720.

This court found that the owner sustained its burden of showing entitlement to judgment as a matter of law explaining that the rights retained by the owner of the indoor soccer field to protect its interest in the leased property were not related to the maintenance of the artificial playing surface. *Id.* at 723. The owner, therefore, did not retain sufficient control of the leased premises to incur an obligation to repair and maintain it in safe condition. *Id.*

This case is similar to *Hornbeck.* The lease agreement between Lehndorff and Meyers Parking reserved to Lehndorff, among other things, the right to enter the premises to inspect, to post reasonable notices to protect its rights, to exhibit the premises to prospective lessees, or to place upon the premises the usual "to lease" signs. The lease also reserved to Lehndorff the right, though not the duty, to enter the premises to make any repairs required for the protection and preservation of the building. The rights reserved by Lehndorff to protect its interests in the garage were not related to the maintenance of the pedestrian ramp. Lehndorff, therefore, did not retain sufficient control over the garage to incur an obligation or duty to maintain it in a safe condition and established a right to summary judgment as a matter of law.

Ms. Stark filed a response to Lehndorff's summary judgment motion but failed to produce substantial and essential facts to contradict Lehndorff's assertion that it did not owe her the duty to maintain the ramp. She did

not provide evidence to show a relationship between the rights retained by Lehndorff in the lease agreement and the maintenance of the pedestrian ramp. The issue regarding whether Lehndorff retained sufficient control of the leased property to incur a duty to maintain it was not genuinely disputed. Lehndorff did not owe a duty to maintain the ramp on which Ms. Stark claims she fell and was injured. The trial court, therefore, did not err in granting Lehndorff's motion for summary judgment.

The judgment is affirmed.

All concur.

