**Brenda DEAN, Appellant,**

v.

**Karen GRUBER, Personal Representative of the Estate of Richard A. Gruber, Respondent.**

**No. WD 53711.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1998.

William R. Merryman, Kansas City, for Appellant.

Teresa Bingham, Public Administrator Office, Kansas City, for Respondent.

HANNA, Judge.

The appellant, Brenda L. Dean, brought suit for personal injuries she received as a result of a slip and fall on property owned by the respondent, Richard A. Gruber.[1] Ms. Dean fell while visiting her sister who leased the property from Mr. Gruber. Mr. Gruber filed a motion for summary judgment arguing that he did not owe a duty to the tenant or her invitee. The circuit court of Jackson County entered judgment in favor of Mr.

Gruber on his motion for summary judgment on November 12, 1996. Ms. Dean claims that the trial court erred because genuine issues of material fact exist regarding: (1) whether Mr. Gruber maintained control of the premises to the extent that he was responsible for repairs and failed to make them; or (2) whether the injury occurred in a common area, subject to Mr. Gruber's control, maintenance, and supervision.

On November 15, 1993, Ms. Dean fell and sustained injuries while walking down the driveway at 5139 Swope Parkway. At the time, she was visiting her sister, Cynthia Gorman. Ms. Dean claims that her fall was caused, at least in part, by a loose handrail.

Approximately four months prior to Ms. Dean's fall, Ms. Gorman rented the single-family dwelling from Mr. Gruber. The lease was a verbal month-to-month agreement. Gorman's affidavit, filed with the trial court, states that the only entrance to the premises was the driveway and, because of the condition of the driveway, the lack of lighting at night, and the slope of the driveway, it was necessary to use the handrail to enter and exit the residence. The affidavit also states that she noticed that the handrail was loose shortly after moving in, and reported the problem, on more than one occasion, to Gruber's employees, but that no repairs were made. Additionally, Ms. Gorman's affidavit stated that at the time of the verbal rental agreement, she and Gruber agreed that all repairs would be made by the landlord. Gruber's employees were at the house to repair the plumbing, a toilet, a screen door, and a clogged basement drain.

Gruber's affidavit stated that he was not aware that the handrailing was loose or in a dangerous condition until after Dean's fall, and that "at no time during the tenancy of Cynthia E. Gorman did she report ... any dangerous condition of the handrailing, driveway or lighting, of which plaintiff complains" and at no time did he "promise Cynthia E. Gorman to fix or repair any reported dangerous condition of the handrailing...." Clearly, the competing affidavits show a substan-

---

1. Mr. Gruber died on or about May 17, 1997. Karen Gruber, the personal representative appointed to administer his estate, was substituted as the party respondent pursuant to this court's order dated August 17, 1998.

tial factual dispute. The question is whether these unresolved facts present a genuine issue and have legal probative force as to the controlling issue.

Appellate review of a grant of summary judgment is *de novo*. *Stark v. Lehndorff Traders Venture*, 939 S.W.2d 43, 44 (Mo.App.1997)(citing *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). "The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record." *Stark*, 939 S.W.2d at 44. "The movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; and evidence in the record that presents a genuine issue as to the material facts defeats the movant's prima facie showing." *Hornbeck v. All American Indoor Sports, Inc.*, 898 S.W.2d 717, 720 (Mo.App.1995)(citing *ITT Commercial*, 854 S.W.2d at 382).

■ The general rule, pursuant to Missouri case law, is that a landlord does not owe a duty to his tenant, and is not liable for personal injuries, received by a tenant or by a tenant's invitee, caused by dangerous conditions of the premises. *Chandler v. Furrer*, 823 S.W.2d 27, 29 (Mo.App.1991); *Uelk v. Directory Distributing Assoc., Inc.*, 803 S.W.2d 632, 635 (Mo.App.1991). Exceptions to the rule include: (1) when the landlord had knowledge of a dangerous condition, which condition is not discoverable by the tenant, and the landlord fails to make disclosure; (2) when the injury occurs in a common area; and (3) when a landlord is responsible for making repairs, but negligently fails to do so. *Newcomb v. St. Louis Office for Mental Retardation & Developmental Disabilities Resources*, 871 S.W.2d 71, 74 (Mo. App.1994) (citations omitted). The tenant argues that exceptions two and three are applicable here. First, with respect to the common area exception, Dean argues that there is a dispute regarding whether the driveway, where the fall occurred, is a common area subject to Gruber's control. Dean contends that this is an issue of material fact.

■ Common areas have been defined as areas "which are used by more than one tenant." *Pate v. Reeves*, 719 S.W.2d 956, 957 (Mo.App.1986). *See also Alexander v. American Lodging Inc.*, 786 S.W.2d 599, 600 (Mo. App.1990); *Gregg v. Erb*, 834 S.W.2d 253, 255 (Mo.App.1992)(describing parking lots, sidewalks and steps as common use areas). If the area is solely used by one tenant, it is not a "common area." *Uelk*, 803 S.W.2d at 636. "[A] landlord is not ordinarily liable for injuries resulting from a defective condition in part of the premises not reserved by the landlord for the common use of two or more tenants, but which are demised to a particular tenant." *Nenninger v. Trustees of Oran Life Tabernacle Church*, 789 S.W.2d 530, 537 (Mo.App.1990)(citing *Wingo v. Eagle Realty Co.*, 726 S.W.2d 805, 807 (Mo.App.1987)).

■ This was a single-family home with a driveway which is for the exclusive use of the tenant of the homeowner and her invitees. The driveway was not a common area used by more than one tenant. Thus, the common area exception to the general rule of landlord non-liability is not applicable.[2]

■ Next, Dean contends that the third exception is applicable in that a genuine issue of material fact exists as to whether Gruber maintained control of the premises such that he was responsible for making repairs. "In Missouri, a landlord is under no obligation to a tenant to repair unless there is a contract which creates a duty to repair." *Hornbeck*, 898 S.W.2d at 722. "However, where the landlord retains partial control over the leased premises for the purpose of making repairs, the landlord is then obligated to make such repairs and to keep the premises in a reasonably safe condition for the intended use." *Id.* As a result, the question is whether Gruber retained sufficient control of the premises to "acquire a duty to make

---

**2.** Dean refers to *Alexander v. American Lodging, Inc.*, 786 S.W.2d 599 (Mo.App.1990) and *Hitchell v. Strauss*, 748 S.W.2d 771 (Mo.App.1988) for the proposition that a landlord has a duty to provide safe ingress and egress. These cases, however, pertain to common use areas and given our determination that the driveway in this matter is not a common use area, the cases are not on point. *See also Walker v. Niemeyer*, 386 S.W.2d 87 (Mo.1965).

repairs to keep the premises in a reasonably safe condition." *Id.*

■ The dispositive inquiry in cases where the tenant claims that the landlord assumed the responsibility of making repairs to the premises, is "whether the landlord did retain control of the particular portion of the premises under consideration. This is because the foundation of the landlord's duty is based upon his retention of control." *Tucker v. Taksel,* 345 S.W.2d 385, 387 (Mo.App.1961)(quoting *Peterson v. Brune,* 273 S.W.2d 278, 281 (Mo.1954)).

An early case interpreting the relationship between the landlord's retention of control of the premises and his duty to make repairs is *Lemm v. Gould,* 425 S.W.2d 190, 195 (Mo. 1968). There, the court found that the landlord retained a key to the apartment "to do any repairs they might think necessary." *Id.* at 194. Furthermore, the court noted that on numerous occasions Gould made unannounced visits to the apartment to make repairs, and used his key to gain access. *Id.* These facts showed that the landlord retained the right to make repairs on their own initiative and responsibility, without obtaining the consent of the tenant. *Id.* at 195. The evidence of the landlord's free access to the premises for the purpose of making repairs was evidence of a sharing of control between the landlord and the tenant. *Id.* The responsibility for the repairs was not found merely in the obligation to make repairs or the right to enter the premises. *Id.* The court interpreted control as:

> The possession or control which must be shown in order to make a landlord liable under this rule is not to be found merely in the obligation of the landlord to make repairs or the right to enter the premises. [citations omitted] There must be something more—some additional fact or facts

from which a jury could infer that under the agreement the tenant gave up and surrendered his right to exclusive possession and control and yielded to the landlord some degree or measure of control and dominion over the premises; some substantial evidence of sharing of control....

The court went on to state that:

> [T]he landlord need not have reserved such a degree of control as to be entitled to admit or exclude others from the premises. It is sufficient that he retained a general supervision over the premises for a limited purpose such as the making of repairs or alterations, and the right to enter the premises and make repairs upon his own initiative and responsibility.

*Id.*[3]

In *Woods v. Gould,* there was "not one iota of evidence that the [landlord] retained control over the apartment rented to the plaintiff's parents," although the landlord admitted that she would make "any repairs in the apartment whenever it is needed at the time." 515 S.W.2d 592, 595 (Mo.App.1968). Additionally, there was "no evidence that the landlord retained a key to the apartment or in any other way reserved any control or right to enter the apartment." *Id.* Since there was no evidence of the landlord's control, the court found that "no cause of action arises in tort for negligent breach of such promise to repair." *Id.* at 596. In reaching this conclusion, the court stated "from the cases heretofore cited, it does not appear that the matter of keeping control of the leased premises by the landlord is solely for access to the thing repaired. Rather, it is the keeping of control by the landlord which, together with the promise to repair, creates

---

**3.** For other cases in which Missouri courts have found that the landlord retained control of the premises in order to make repairs, see *Harrison v. Roberts,* 800 S.W.2d 40, 43 (Mo.App.1990)(finding that landlords retained partial control for purpose of making repairs when the landlords promised to make repairs, made periodic inspections, entered the premises to make repairs in response to requests and on their own initiative); *Tucker v. Taksel,* 345 S.W.2d 385, 388 (Mo.App.1961)(finding that

when the landlord, as part of the lease agreement, promised to make repairs and retained a key to do so, reasonable minds might conclude that the landlord retained their right to control for the purpose of making repairs). See also *Barton v. Hoelscher,* 844 S.W.2d 572, 573–74 (Mo.App.1992); *Jamrozik v. M.T. Realty & Inv. Corp.,* 843 S.W.2d 394, 395 (Mo.App.1992); *Stubbs v. Panek,* 829 S.W.2d 544, 547 (Mo.App. 1992).

the duty to repair which otherwise the landlord does not have." *Id.* at 595.

In *Nenninger v. Trustees of Oran Life Tabernacle Church,* the court determined that since the uncontradicted evidence was that the landlord did not retain a key, and there was no evidence that defendants ever entered the tenant's apartment to make repairs without being asked, the fact that the landlord did make some repairs to the premises (to the hot water heater, stove, and furnace, as well as painted the exterior and trimmed the trees) "does not establish that [the landlord] exercised any degree of control and dominion over the apartment." 789 S.W.2d 530, 532 (Mo.App.1990).[4]

 The issue presented, therefore, is whether Gruber has an undisputed right to judgment as a matter of law, because no genuine issue of material facts exist as to whether he retained sufficient control of the premises in order to acquire a duty to make repairs. Although Dean contends that when she rented the premises from Gruber they agreed that he would make all repairs, such evidence alone does not create a duty. *Lemm,* 425 S.W.2d at 195. "There must be something more—some additional fact or facts from which a jury could infer that under the agreement the tenant gave up and surrendered his right to exclusive possession and control and yielded to the landlord some degree or measure of control and dominion over the premises." *Id.*

 "Determination of whether the amount of control a landowner exerts is sufficient to incur liability turns largely on the extent to which the landowner permits the tenant to treat the premises as belonging to the tenant." *Richeson v. Sprinco, Inc.,* 931 S.W.2d 507, 509 (Mo.App.1996). Viewing all the factual inferences in favor of Dean, there are no facts alleged which would allow a jury to infer Gruber's control of the premises and, in turn, that would demonstrate a duty for him to make repairs. Gruber did not retain

a key, or reserve the right to inspect the premises, except with the permission of the tenant. Dean does not present any allegation that Gruber acted on his own initiative with regard to entering the premises or with repairing the premises. The fact that Gruber may have made repairs to the property prior to the injury, does not establish control absent other evidence. *Nenninger,* 789 S.W.2d at 532. There is no assertion of general supervision by Gruber over the premises in order to make the repairs. As a result, the trial court correctly determined that Gruber was entitled to judgment as a matter of law. Judgment affirmed.

BRECKENRIDGE, P.J., and ELLIS, J., concur.

---

4. For additional recent cases in which the tenants presented insufficient evidence from which control by the landlords could be inferred, see *Stark v. Lehndorff Traders Venture,* 939 S.W.2d 43, 45 (Mo.App.1997); *Hornbeck v. All American Indoor Sports, Inc.,* 898 S.W.2d 717, 722–23 (Mo. App.1995); *Newcomb v. St. Louis Office for Mental Retardation & Developmental Disabilities Resources,* 871 S.W.2d 71, 74 (Mo.App.1994); *Davidson by Davidson v. Allen,* 798 S.W.2d 224, 225 (Mo.App.1990); and *Mitchell v. O'Hearne,* 795 S.W.2d 603, 605 (Mo.App.1990).