FILED IN
COURT OF CRIMINAL APPEALS

December 17, 2015

ABEL ACOSTA, CLERK

PD-0469&470&471&472-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/17/2015 1:51:39 PM
Accepted 12/17/2015 2:49:44 PM
ABEL ACOSTA
CLERK

IN THE
COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| JOHN B. ISBELL, | § | |
| *APPELLANT* | § | |
| V. | § | NO. PD-0469-15 |
| | § | |
| THE STATE OF TEXAS, | § | |
| *APPELLEE* | § | |

*ON THE GRANTING OF THE STATE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE SECOND COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBERS 02-14-00124-CR, 02-14-00125-CR, 02-14-00126-CR, AND 02-14-00127-CR, REVERSING THE JUDGMENT OF THE TRIAL COURT IN CAUSE NUMBERS 1290119D, 1290121D, 1290851D, AND 1290852D IN CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY, TEXAS; THE HONORABLE MIKE THOMAS, PRESIDING.*

# APPELLANT'S REPLY
# BRIEF ON THE MERITS

BARRY G. JOHNSON
2821 E. Lancaster
Fort Worth, Texas 76103
SBE 10683000
817-531-9665
fax 817-534-9888
barrygj@aol

ATTORNEY for APPELLANT

# TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES.................................................................................. iii

THE CASE IN BRIEF ........................................................................................1

STATEMENT OF FACTS ..................................................................................2

SUMMARY OF APPELLANT'S ARGUMENT .....................................................3

DISCUSSION ....................................................................................................4

Because the cases were tried together, they are inextricably linked.

The erroneous charge in the cases that occurred on July 17 made conviction more likely in thise cases, which in turn made conviction on the offenses that occurred on July 18 more likely.

CONCLUSION …………………………………………………………………..8

PRAYER ...........................................................................................................9

CERTIFICATE OF COMPLIANCE.....................................................................9

CERTIFICATE OF SERVICE ..........................................................................10

# INDEX OF AUTHORITIES

CASES                                                                                    PAGES

*Allen v. State* ,
253 S.W.3d 260, 264 (Tex. Crim. App. 2008)…………………………………6

*Almanza v. State*,
686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh'g)…………………… 5

*Gill v.State* , 873 S.W.2d 45 (Tex. Cr. App. 1994)………………………………7

*Heron v. State*,
86 S.W.3d 621 (Tex. Crim. App. 2002)……………………………………6

*Lawton v. State*,
913 S.W.2d 542 (Tex. Crim. App. 1995), *overruled on other grounds*.............7

*Mitchell v. State*,
No. 11-01-00294-CR, 2002 WL 32344526 (Tex. App.—Eastland 2002,
no pet.) (unpublished) ......................................................................... .6,7

*McDuff v. State*, 939 S.W.2d 45 (Tex. Cr. App. 1994)……………………………7

*Saunders v. State*, 817 S.W.2d 688  Cim. App. 1991) ………………………6

## **Code**

TEX. CODE CRIM. PROC. art. 38.14 ........................................................................5

## IN THE
## COURT OF CRIMINAL APPEALS

JOHN B. ISBELL,               §
    *APPELLANT*          §
V.                            §          NO. PD-0469-15
                        §
THE STATE OF TEXAS,           §
    *APPELLEE*           §

*ON THE GRANTING OF THE STATE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE SECOND COURT OF APPEALS DISTRICT OF TEXAS IN CAUSE NUMBERS 02-14-00124-CR, 02-14-00125-CR, 02-14-00126-CR, AND 02-14-00127-CR, REVERSING THE JUDGMENT OF THE TRIAL COURT IN CAUSE NUMBERS 1290119D, 1290121D, 1290851D, AND 1290852D IN CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY, TEXAS; THE HONORABLE MIKE THOMAS, PRESIDING.*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

### THE CASE IN BRIEF

Appellant was convicted of (1) aggravated assault of a public servant (pointing a shotgun at him); (2) deadly conduct (shooting a woman's car); (3) aggravated assault on a public servant (ramming the officer's patrol car); and (4) evading arrest in a vehicle. Appellant was sentenced to forty-five years for each assault, twenty years for deadly conduct, and twenty years for evading arrest. RR VI – 38.

1

## STATEMENT OF FACTS

The State has accurately set out the facts with one caveat. With respect to the events that occurred in the vehicle Jamie Haney was driving on July 17, 2012, they are true as to the conducy of appellant, only if the testimony of accomplice Jamie Haney is believed. The fact that she was an accomplice and that her testimony was uncorroborated is central to this appeal.

## SUMMARY OF APPELLANT'S ARGUMENT

Because the State moved to consolidate the trials of the offenses that occurred on separate days, over the objection of the Appellant, it was proper for the Court of Appeals to consider them jointly in deciding whether substantial rights of appellant were violated because of the erroneous jury charge.

The Court of Appeals correctly decided that the error caused egregious harm to Appellant in all the cases that were tried together.

The erroneous jury charge occurred in jury charges on the July 17 offenses which alleged pointing a shotgun at a police officer and shooting a gun at a civilian's car. The lack of the accomplice witness instruction made it easier for the jury to convict on those charges. The jury's determination that Isbell had used a shotgun and pointed it at a police officer on July 17 probably made it easier for the jury to convict on the July 18 charge involving aggravated assault on a police officer, in violation of the rights of the Appellant.

## DISCUSSION

*Should the Court of Appeals have reversed the convictions on the July 18 offenses when the erroneous jury charge directly affected only the July 17 offenses ?*

In its opinion the Court of Appeals asserted that the lack of accomplice witness instruction "permeated" the entire trial.

Four offenses were tried together. Two occurred during a police chase on July 17, 2002 when Jamey Haney drove a vehicle that was pursued by the police, and her passenger pointed a shotgun at a police officer, an aggravated assault, and fired a shotgun at another car, deadly conduct. Haney successfully eluded police that day.

On July 18, 2012, Isbell was driving the same vehicle as Haney had driven the day before, it was spotted by police officers, and a second police chase ensued. Haney was a passenger. The charges arising from that chase were evading arrest in a vehicle and aggravated assault by ramming a police car. Both Haney and Isbell were arrested at the scene following the police chase.

At trial Haney testified that Isbell was her passenger on July 17, and that he had fired the shotgun.

4

The Court of Appeals reversed all four convictions, holding that Isbell suffered egregious harm because of the failure of the trial court to give an accomplice witness instruction as required by Article 38.14 of the Texas Rules of Criminal Procedure.

In their brief, the state of Texas argues, on the one hand, that "nothing on the face of the record" would indicate that the lack of corroboration for the July 17 offenses would have anything to do with the July 18 offenses, (State's Brief, p.8), and on the other hand that Jamie Haney's presence on July 18 helps connect Isbell to the July 17 offenses (State's Brief, p. 11).

Anticipating the prejudicial affect of trying the cases together, Appellant objected to the State's Motion to consolidate. RR II--5.

The states seems to contend that no accomplice witness instruction was necessary because the July 18 incident obviously corroborates Jamie Haney's testimony.

In *Almanza v. State* , 686 S.W. 2d 157, (Tex. Crim. App. 1985) (op. on reh'g) this court held that the  appropriate harm analysis depends on whether  the error was preserved. Where it was not, as here, egregious harm must be shown. Under the egregious harm standard, the omission of the accomplice witness instruction is generally harmless unless the corroborating evidence is "so unconvincing in fact as

5

to render the State's overall case for conviction clearly and significantly less persuasive. *Saunders v. State*, 817 S.W.2d 688 (Tex. Crim. App. 1991) In the Saunders case egregious harm was shown because the corroborating evidence was weak and was contradicted by other evidence. *Heron v. State* 86 S.W.3d 621, (Tex. Crim. App. 2002).

Egregious harm occurs when an error affects the very basis of a case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen v. State* , 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).

The state cites the unreported case of *Mitchell v. State*, No. 11-01-00294-CR, 2002 WL 32344526 (Tex. App.—Eastland 2002, no pet.) (unpublished), in support of its contention that Haney's testimony was corroborated by evidence of the events of July 18 in which Isbell was arrested at the scene following a police chase.

It is significant that *Mitchell* was an appeal based on whether the corroboration was sufficient to corroborate the testimony of the accomplice. In that case there was not an issue on appeal of whether an accomplice instruction should have been given.

The *Mitchell* opinion, therefore, discusses whether a subsequent similar offense constitutes adequate corroboration. That is a separate and distinct issue from whether an accomplice instruction should have been given.

6

Therefore, whether an analysis of *Mitchell* is helpful or necessary may be questionable. That case involved two purse snatchings, the first of which led to an aggravated robbery charge, but the victim could not identify the defendant. The co-defendant, an accomplice, testified that Mitchell aided or assisted her in committing the robbery. The second incident occurred a day later, and the court noted some specific similarities, in determining that the second offense corroborated the first: (1) both offense were at the same time of day; (2) both occurred in the same parking lot; (3) the same person accompanied the defendant each time; and (4) both victims were older women. The court held that the similarities justified a determination that Mitchell had committed both offenses and that a common scheme or plan existed.

Extraneous offenses can corroborate accomplice testimony. *Lawton v. State*, 913 S.W. 2d 542 (Tex. Cr. App.1995). It is important to note that when considering accomplice testimony in determining the sufficiency of the corroborating testimony, all of the accomplice testimony is excluded from consideration. *McDuff v. State,* 939 S.W.2d 45 (Tex. Cr. App. 1994). The remaining evidence is then considered in the light most favorable to the jury's verdict. *Gill v. State*, 873 S.W.2d 45 (Tex. Cr. App. 1994).

In the instant case, the only corroborating evidence is that Isbell was driving the same vehicle on July 18 that Haney had driven on July 17.

## CONCLUSION

The Court of appeals correctly determined that the error in failing to include an accomplice witness instruction in the charge constituted egregious error.

The failure to include such instruction made it easier for the jury to convict Isbell of the offenses of aggravated assault of a public servant by pointing a shotgun at the officer and the deadly conduct charge involving firing the gun at a vehicle, which occurred on July 17, 2012.

The fact that the jury found Isbell guilty of the July 17 offenses then made it easier for them to convict him of the aggravated assault which occurred on July 18 and to make a finding of use of a deadly weapon.

But for the shotgun cases, the jury probably would have been less inclined to find that Isbell intentionally struck the officer's vehicle on July 18 with his vehicle. As defense counsel argued the video showed that there was doubt that Isbell intentionally drove into the officer Parson's car and doubt that he intended to use it as a deadly weapon. RR IV---30-31. Although he drove recklessly there was doubt about his intent. The conviction of the previous day's shotgun offense, probably swayed the jury on that issue.

## **PRAYER**

Appellant prays that this court affirm the judgment of the court of appeals and remand the cases for a new trial.

In the alternative, in the event that this court determines that The Court of appeals reversed in error, Appellant prays that this court remand the cases to the Court of Appeals for consideration of Appellant's Grounds of Error which that court did not reach in its previous consideration of the cases.

Respectfully submitted,

/s/Barry G. Johnson
Barry G. Johnson
BAR CARD NO. 10683000
2821 E. LANCASTER
FORT WORTH, TEXAS 76103
817-531-9665  FAX 817-534-9888
barrygj@aol.com
Attorney for  Appellant

## **CERTIFICATE OF COMPLIANCE**

I certify that this document contains 1,951 words according to the software used to prepare it.

/s/ Barry G. Johnson
BARRY G. JOHNSON

## CERTIFICATE OF SERVICE

A copy of the State's brief on the merits has been sent to opposing counsel, Hon. James Gibson, coaappellatealerts@tarrantcounty.com, 400 W. Belknap, Fort Worth, Texas 76196, and to Hon. Lisa McMinn, information@spa.texas.gov State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711 on December 17, 2015.

/s/ Barry G. Johnson
BARRY G. JOHNSO