

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111305 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | St. Francois County |
| | ) | 19SF-CR01598-01 |
| | ) | |
| PAUL BOLTON, | ) | Honorable Wendy W. Horn |
| | ) | |
| Appellant. | ) | Filed: December 26, 2023 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## OPINION

Paul Bolton, an inmate at the Department of Corrections facility in Bonne Terre, Missouri, appeals his conviction for the crime of endangering a corrections employee, a felony under section 575.155[1], for spitting in A.H.'s face while she was attempting to restrain him for refusing to follow her directions to return to his housing unit. Bolton claims the trial court abused its discretion and denied his right to present a complete defense when it sustained the State's objection to the admission of certain medical records that would have supported his testimony that he may have spit involuntarily due to an allergic reaction to two penicillin shots he had received earlier that day at the prison infirmary. We affirm because Bolton failed to

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

establish the foundation for the records under section 490.680, Missouri's business records statute, in order to overcome their inadmissible hearsay status.

## Background

Bolton was incarcerated at the Bonne Terre prison after he pleaded guilty to burglary in March 2013. He was paroled but then violated his parole in June 2019 and returned to Bonne Terre. On July 12, 2019, after Bolton received medical care at the prison infirmary that included two penicillin shots, he returned to his prison housing unit. Bolton was allergic to penicillin and began having an allergic reaction which included breathing problems, hives, and dizziness. Bolton then entered an area of the prison where inmates were not supposed to be and A.H. directed him to return to his wing. Bolton was agitated and yelling but A.H. could not understand him. He did not return to his housing unit as instructed.

A.H. directed Bolton to face the wall in order to handcuff him but he resisted. Another corrections officer came to help A.H. and during the struggle, Bolton spit in A.H.'s face including her eyes, nose, and mouth. The other officer did not see Bolton spit, but saw A.H. step back, wipe her face, and say "he just spit in my face." A.H. went to the hospital as a precautionary measure per prison policy because she was exposed to bodily fluid.

The trial took place on September 6, 2022. A.H., the other officer, and Bolton testified. During Bolton's direct examination, counsel attempted to introduce "Exhibit A," Bolton's medical records from the Department of Corrections which included two pages showing that before the incident he had received penicillin and an antihistamine medicine about forty-five minutes later. The State objected to the introduction of these records based on hearsay and lack of foundation. The trial court sustained the objection. Nevertheless, Bolton testified without objection that he was allergic to penicillin, the nature of his allergic reaction to penicillin, and

2

that he had received two penicillin shots shortly before he spit on A.H. The jury found Bolton guilty and on January 4, 2023, the trial court sentenced him to four years in prison.

This appeal follows.

**Standard of Review**

Abuse of discretion is the standard of review for the admission of evidence. *State v. Griest*, 670 S.W.3d 179, 188 (Mo. App. W.D. 2023). A trial court has broad discretion whether or not to admit evidence. *Id.* "An abuse of discretion is found when the decision to admit or exclude the challenged evidence is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *State v. Barriner*, 210 S.W.3d 285, 296 (Mo. App. W.D. 2006). We view the facts in the light most favorable to the trial court's ruling and disregard facts and inferences to the contrary. *Id.*

**Discussion**

Bolton asserts that the trial court abused its discretion in not admitting his medical records, which he claims would have supported his defense, because he satisfied section 490.680's foundational requirements for overcoming the hearsay objection since the records were logically and legally relevant and Bolton was an "other qualified witness" under the statute. We disagree because Bolton failed to satisfy the basic requirements of section 490.680 in that no one testified or signed an affidavit verifying the records' identity, mode of preparation, or whether they were made in the regular course of business.

Section 490.680 states: "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information,

3

method and time of preparation were such as to justify its admission."  Medical records, of course, fall under this statute.  *Long v. St. John's Regional Health Center, Inc.*, 98 S.W.3d 601, 607 (Mo. App. S.D. 2003).  Portions of hospital records, including those related to a patient's medical history, are admissible unless they are subject to specific objections such as relevancy, inadequate sources of information, or other substantive grounds.  *Caples v. Earthgrains Co.*, 43 S.W.3d 444, 452 (Mo. App. E.D. 2001).

Moreover, the requisite foundation for the admission of business records can be established by testimony or by the affidavit of a qualified witness.  Section 490.692; *Payne v. Cornhusker Motor Lines, Inc.*, 177 S.W.3d 820, 839-40 (Mo. App. E.D. 2005).  "A proper foundation for the admission of a business record requires testimony from a witness who has 'sufficient knowledge of the business operation and methods of keeping records of the business to give the records probity.'"  *Jamestowne Homeowners Ass'n Trustees v. Jackson*, 417 S.W.3d 348, 354 (Mo. App. E.D. 2013) (quoting *Asset Acceptance v. Lodge*, 325 S.W.3d 525, 528 (Mo. App. E.D. 2010)).

We do not dispute Bolton's assertion that portions of these records were relevant.  But the requirements of section 490.680, which may be satisfied through a simple affidavit by the records custodian or "other qualified witness" familiar with the records and their mode of creation and maintenance, must still be met.  Thus, the trial court did not abuse its discretion in sustaining the State's foundation and hearsay objections.

We likewise readily reject Bolton's argument that he was an "other qualified witness" as contemplated by the statute because he was not a clerk, nurse, doctor, or other employee at the Department of Corrections with sufficient knowledge of the Department's recordkeeping.  As the

patient, Bolton may have been familiar with the care documented in the records, but he failed to demonstrate any familiarity with the recordkeeping practices that section 490.680 requires.

**Conclusion**

For the reasons set forth above, we affirm the trial court's judgment.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J. and
Michael S. Wright, J. concur.